

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEB 2 7 2006

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,          )
                                    )
      Plaintiff/Respondent,        )
                                    )
                                    )
v.                                 )          Cr. No. 98-0071-9 (TFH)
                                    )
                                    )
RONALD HORNS,                      )
                                    )
      Movant/Defendant.            )

## MEMORANDUM OPINION

Pending before the Court is the Defendant's Motion to Vacate, Set Aside or Correct the

Sentence Under 28 U.S.C. § 2255. Upon consideration of the Defendant's submission, relevant

portions of the record, and the applicable law, the Court will deny the § 2255 motion.

On April 9, 1998, the Defendant pleaded guilty to the offense of conspiracy to possess

with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841 and § 846.

The district court sentenced the Defendant to 135 months of imprisonment and five years of

supervised release on February 19, 1999.

In the present motion, the Defendant claims that his sentence is unconstitutional because

the sentencing court increased his offense level by 2 levels based on his possession of a firearm.

The Defendant contends that since he was not indicted for possession of a firearm and did not

plead guilty to that fact, the sentence violates the Supreme Court decisions in *Apprendi v. New

Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). Defendant also

claims that his counsel was ineffective for failing to raise this issue.

The *Apprendi* and *Blakely* decisions were issued after the Defendant's conviction became final. *See Clay v. United States* 537 U.S. 522, 525 (2003)(conviction final when time for filing certiorari petition has expired). When a Supreme Court decision creates a new rule of criminal procedure, the new rule, with two limited exceptions, cannot be applied retroactively on collateral review. *Teague v. Lane*, 489 U.S. 288, 310 (1989). The Defendant's claim that his sentence is unconstitutional is without merit because these two Supreme Court decisions do not have retroactive effect. *See In re Zambrano*, 433 F.3d 886, 888 (D.C. Cir. 2006).

The Defendant also asserts that his counsel was ineffective for not challenging the firearm enhancement at his sentencing hearing. To prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel committed serious errors in light of prevailing professional norms and that the representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In addition to establishing deficient performance, a defendant must also demonstrate that there is a reasonable probability that but for counsel's errors, the outcome would have been different. *Id.* at 694. In the context of a guilty plea, a defendant must show that in the absence of counsel's error he "would have not pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

The Defendant has not met the *Strickland* standard. He argues that his counsel should have foreseen the *Apprendi* and *Blakely* decisions. Counsel's performance is not considered ineffective because he did not anticipate a change in the law. *United States v. Williams*, 374 F.Supp. 2d 173, 175 (D.D.C. 2005). The failure to raise a *Apprendi* or *Blakely* claim prior to the issuance of those decisions does not render counsel's performance deficient or violate a defendant's Sixth Amendment right to effective assistance. *Nelson v. United States*, 406 F.Supp. 2d 73, 75 (D.D.C. 2005); *Williams*, 374 F.Supp. 2d at 176. Accordingly, the Defendant's §2255

2

motion will be denied.

A separate order accompanies this Memorandum Opinion.

Thomas F. Hogan
Chief Judge

Date: February 22, 2006